**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Azizkhon Ganiev, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>Robert Lynn Nugent, et al.,<br><br>　　　　　Defendants. | No. CV-26-02460-PHX-SHD<br><br>**ORDER** |

On April 9, 2026, Defendants removed this action from La Paz County Superior Court pursuant to 28 U.S.C. §§ 1332 and 1441 and Local Rule 3.6. (Doc. 1.) Defendants argued that under 28 U.S.C. § 1441, which provides that defendants may remove from State court "any civil action" over which federal district courts "have original jurisdiction," removal was proper because (1) there was complete diversity of citizenship among the parties, and (2) the amount in controversy "exceeds the jurisdictional minimum of $75,000." (*Id.* at 4.) Four days later, on April 13, 2026, Defendants filed an unopposed motion to remand to state court. (Doc. 4.) In their motion, Defendants state that they were made aware that the amount in controversy does not exceed $75,000 and that federal courts therefore lack original jurisdiction over this case. (*Id.*)

"To properly remove an action based on diversity jurisdiction, the amount in controversy must exceed the sum of $75,000." *Garraway v. Saatchi & Saatchi North Am., Inc.*, 2019 WL 3408688, at *2 (C.D. Cal. 2019) (citing 28 U.S.C. § 1332(a)). The parties agree that the damages sought in the complaint filed in state court do not exceed the

jurisdictional minimum.  Thus, removal under 28 U.S.C. § 1441 was improper, and remand to the state court is appropriate.

Accordingly,

**IT IS ORDERED** granting the Motion to Remand to State Court, (Doc. 4).

**IT IS FURTHER ORDERED** directing the Clerk of Court to remand this action to the La Paz County Superior Court and close this case.

Dated this 21st day of April, 2026.

Honorable Sharad H. Desai
United States District Judge

- 2 -